# PREROGATIVE COURT

---

Administrators of JAMES STEVENSON, appellants, and Executors of JOHN D. HART, respondents.

The Orphans' Court opened the accounts of Executors on an allegation of fraud or mistake, and determined that a certain sum, $2,000, did not belong to the estate, and should not have been brought into the account by the Executors, and struck it out, and also struck out a portion of the commissions. On appeal to the Prerogative Court, the decree of the Orphans' Court striking out the $2,000 was reversed.

*Held*, that the commissions struck out might be restored.

James Stevenson and Simeon W. Philips were the Executors of the will of John D. Hart, deceased. Stevenson died; and, in in 1843, after his death, the accounts of the said Executors were settled in the Orphans' Court of Hunterdon County. In that account the Executors were credited with $2,000, being the amount of a bond and mortgage of Charles Welling, as per will of Israel Hart, deceased; and Stevenson's Administrators were allowed commissions to the amount of $461 47 ; and Philips was allowed commissions to the amount of $         .

In Nov., 1847, on the application of Aaron Hart, alleging himself interested in the estate, and alleging a mistake in the said account in crediting the executors with the said Welling bond and mortgage, and also in the allowance of commissions on the said sum of $2,000 ; and on the allegation of the said Philips of error and mistake in the said account in the distribution of commissions between him and the administrators of his deceased co-executor, the Orphans' Court ordered that Philips, surviving

executor as aforesaid, and the administrators of the estate of the said Stevenson, deceased, show cause at the next term of the said court why the said account should not be opened and re-stated. And in the term of Feb'y, 1848, the said Orphans' Court ordered that the said account be opened for the correction of error alleged ; saying, that it appeared to the court " that the said account is erroneous in allowing a credit of $2,000 to the accountants, being the amount of a bond and mortgage of Charles Welling to that amount as per will of Israel Hart, deceased, for the benefit of his widow, Mary Hart, which is in fact no part of the estate of said John D. Hart, deceased, and therefore ought not to have credit for ; and that the said account gives them commissions on this sum." . The said court thereupon order, that the said account be corrected by deducting the said $2,000 from the credit side of the account ; and that commissions to the amount of $361 47, instead of $461 47, be allowed to the accountants, to be equally divided between Philips and the administrators of Stevenson ; and that the Surrogate re-state the account accordingly.   This order was made in the absence of the administrators of Stevenson and without proof of any notice to them, upon an order of the court that service of the said order to show cause be served on S. R. Hamilton; he protesting that he was not then proctor in the case.

The Surrogate's re-statement states the balance in the hands of the accountants at $2,288 40 ; and then states that the above balance is a bond and mortgage of $2,000 which is to be account-ed for at the death of Mary Hart agreeably to the will of Israel Hart, which leaves a balance of $288 40 to be distributed agreea-bly to the will of John D. Hart.

The administrators of Stevenson appealed to this Court from the said order of the Orphans' Court.

*S. R. Hamilton* and *Zabriskie,* for the appellants.   They cited 1 *Zab. Rep.* 70 ; 1 *Spencer's Rep.* 125.

*W. Halsted* for the respondent.   He cited 3 *Paige* 88 ; 2

*Moll.* 381 ;  4 *Paige* 473 ;  3 *Harr. Rep.* 59, 63, 67 ;  4 *Russell* 180 ;  1 *Hill* 76, 92 ;  7 *Halst. Rep.* 316 ;  18 *Wend.* 350.

THE ORDINARY.   The statement of the Surrogate, at the foot of the account re-stated by him, is a credit to the accountants, in another form, of the bond and mortgage for $2,000 ordered by the Orphans' Court to be struck from the credit side of the account ; and it shows that this bond and mortgage must have been charged to the accountants in the inventory, and that they were, therefore, entitled to credit for it.   But the order or decree of the Orphans' Court was, that the accountants ought not to have credit ; and it was on that ground that the accounts were ordered to be opened.

Again, Stevenson, in his account book, charged himself with having received from Charles Welling $2,979 00, and credits himself with having paid to Mary Hart $1,500 and other sums, and to Elizabeth Hart several sums of money.

The decree of the Orphans' Court will be reversed ; and an order will be made that the accounts be settled in this Court.

This case does not raise the question whether the Orphans' Court can properly open the accounts of executors simply to re-adjust commissions, or the question whether this Court will entertain an appeal on the simple question of the amount of commissions, or of their apportionment between or among the executors.

In this case the Orphans' Court opened the accounts upon an allegation of fraud or mistake in a credit to the accountants of the said $2,000 ; and when that Court determined to strike out that credit on the ground, as it was determined, that the said $2,000 did not belong to the estate, they reduced the commissions.   If, on appeal to this Court, it be determined that the $2,000 is a part of the estate to be accounted for by the accountants, and that the Orphans' Court were wrong in striking it out, it would follow, I think, as incidental, that this Court would say they were wrong in reducing the commissions.   If by fraud or mistake in the account the sum on which commissions are allowed is wrong, and by the correction of the fraud or mistake on the opening of the account for that purpose that sum is varied,

30

either by the Orphans' Court, or by this Court, on appeal, the commissions may also be varied, so far as the amount of the estate should in the particular case govern the amount of the commissions. This would be but a consequence of the variation of the snm on which commissions should be allowed.

Decree reversed.